UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 21-888-FLA (KK)** | Date: | May 25, 2021 |
| Title: | *Susano Perez v. Patrick Eaton* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Exhaust State Remedies

## I.
## INTRODUCTION

On April 30, 2021, Susano Perez ("Perez"), who is currently confined at Sierra Conservation Center in Jamestown, California, constructively filed[1] a pro se Petition pursuant to 28 U.S.C. § 2254. ECF Docket No. ("Dkt.") 1, Pet. Perez challenges his 2018 convictions in the Orange County Superior Court for kidnapping, forcible rape, and sodomy by force. Id. at 1. The Petition purports to raise two grounds for habeas relief: (1) "conviction obtained in violation and disregard of the expiration of statute of limitations of the charges" ("Ground One") and (2) "petitioner received ineffective assistance of counsel at trial as the defense counsel presented no opposition" ("Ground Two"). Id. at 4.

The Petition, however, appears subject to dismissal because Perez has not exhausted his state remedies with respect to Ground Two. The Court will not make a final determination regarding whether the Petition should be dismissed without giving Perez an opportunity to address these issues.

///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

# II.
# DISCUSSION

## A. THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL

### 1. Applicable Law

A state prisoner must exhaust state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented the claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

### 2. Analysis

Here, Perez filed a petition for review with the California Supreme Court. Dkt. 1 at 2. The petition raised a single claim, i.e. Ground One, arguing the statute of limitations on the crimes for which Petitioner was convicted had expired. Dkt. 1 at 2. On July 15, 2020, the California Supreme Court denied the petition for review. Id. Hence, it appears Ground One was properly exhausted.

Ground Two, however, does not appear to have been exhausted. Perez, in fact, concedes "Ground [T]wo was not presented on direct appeal." Id. at 24. In addition, Perez does not appear to have filed any petitions, applications, or motions with respect to his 2018 convictions. Id. at 2. Hence, Ground Two appears to be unexhausted.

Accordingly, because the Petition contains both an exhausted and an unexhausted claim, it is a mixed petition subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

///
///
///
///

# III.
# ORDER

Perez is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies. Perez must respond to this Order by filing a written response **no later than June 15, 2021.** Perez must respond to this Order pursuant to one or more of the following options to explain why the Petition should not be dismissed for failure to exhaust state remedies:

**Option 1 - Perez May Explain Ground Two Is Exhausted:** If Perez contends he has in fact exhausted his state court remedies with respect to Ground Two, he should clearly explain this in a written response to this Order. Perez should attach to his response copies of any documents establishing that Ground Two is indeed exhausted. Perez may also file a response and include a notice that if the Court still finds Ground Two to be unexhausted, he alternatively selects one of the other options discussed below.

**Option 2 - Perez May Voluntarily Dismiss Ground Two and Proceed Only On Exhausted Ground One:** If Perez wishes to proceed on the exhausted Ground One only, he may file a request to voluntarily dismiss Ground Two. The Court advises Perez that if he elects to proceed now with only his exhausted claim, any future habeas petitions containing Ground Two or other claims that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

**Option 3 - Perez May Request a _Rhines_ Stay:** Under Rhines v. Weber, a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. 544 U.S. 269, 276 (2005); Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay-and-abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Perez may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Perez did not intentionally engage in dilatory litigation tactics. See id. Perez should include any evidence supporting his request for a Rhines stay.

**Option 4 - Perez May Request a _Kelly_ Stay:** Under Kelly v. Small, if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. 315 F.3d 1063, 1070-71 (9th Cir. 2003). This is called a "Kelly stay." Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to

the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-1. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (citation omitted).

Perez may file a motion for a Kelly stay and follow the three-step procedure above. In order to request a Kelly stay, Perez must file a proposed notice voluntarily dismissing Ground Two. See id. at 1135. The Court will then stay and hold in abeyance the fully exhausted Petition containing only the exhausted Ground One and allow Perez the opportunity to exhaust the deleted Ground Two in state court. See id.

**Caution:** Perez is cautioned that if he requests a stay and the Court denies the request for a stay, or if Perez contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. In addition, the Court warns Perez that if Perez should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). **Accordingly, Perez may select options in the alternative.**

**The Court expressly warns Perez that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice as a mixed petition and/or for his failure to comply with court orders and failure to prosecute. See FED. R. CIV. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Perez at his current address of record.**

**IT IS SO ORDERED.**